IN THE MATTER OF THE REGISTRATION OF THE MATAI TITLE "SOTOA"

High Court of American Samoa
Land and Titles Division

MT No. 5-82

July 27, 1984

Before GARDNER, Chief Justice, Presiding, TAUANU'U, Chief Associate Judge, MAMEA, ITUMALO, and APE, Associate Judges.

Counsel:  For Leifitele Sinapati Sotoa, Talalelei Tulafono
          For Muasau So'oso'oali'i Savali, Leulumoega S. Lutu

In this matter we are concerned with the claims of Leifitele Sinapati Sotoa (hereinafter "Sinapati") and Muasau So'oso'oali'i Savali (hereinafter "Muasau") to the matai title "Sotoa."

I

A.S.C.A. section 1.0409(c) provides,-
          In the trial of title cases, the High Court shall be guided
          by the following considerations, in the priority listed: (1)
          The best hereditary right, as to which the male and female
          descendants are equal in families where this has been
          customary; otherwise, the male descendant prevails over the
          female.

In this case, by tracing back to a common ancestor (the daughter of a holder of the title) Muasau has 1/32 hereditary right and Sinapati has 1/64. However, Sinapati, son of the last title holder, claims 50% hereditary right based on this fact. We do not agree.

A conflict of opinion seems to have arisen as to the meaning of the phrase "hereditary right." It is the opinion of this court, the members of which are well familiar with Samoan customs and traditions, that "hereditary right" is to be traced back to the blood line of the original title holder, not to any subsequent title holder. Every new title holder does not start a new line of heredity. One must always return to the blood line of the original title holder for the purpose of determining "hereditary right."

Thus, on this issue, Muasau prevails.

II

The next consideration established by section 1.0409(c) is "the wish of the majority or plurality of those clans of the family as customarty in that family."

Just what constitutes a clan has baffled the courts of this territory for some time. As the court said in Reid v. Talalele (1964) 4 A.S.R. 458, 461-62,
          The Legislature of American Samoa, either in its wisdom or as
          a result of an oversight, failed to define the word "clan."
          There are different theories as to what a clan means. Some
          argue that the number of clans in the family is determined by

the number of offspring of the original holder of the title, and that each of the children of the original holder who gets married and has children constitutes a clan, no matter how long the title has been in existence or how many families there are. Another theory is that there are as many clans in the Family as there have been holders of the title, each title holder giving origin to another clan. Still another theory is that the number of clans depends on the number of families of the different title holders with the restriction that when two or more brothers or sisters hold the title consecutively, it should only count as one clan.

Justice Morrow, in Filipo v. Maiava (1962) 4 A.S.R. 313, stated that the first theory was more in accordance with Samoan custom than the others and points out that one family in Manu'a claimed that it had 47 holders of the title and that any other holding would be chaotic.

We agree with Justice Morrow. It is our opinion that, based on Samoan custom and tradition, the number of clans is determined by the number of offspring of the original title holder and that each of the children of the original title holder who gets married and has children constitutes a clan.

However, it has been our experience that attempting to define and identify a clan in a particular family is a most troublesome and unrewarding task. No one ever seems to agree on the number of clans in a family no matter what standard is used. This is understandable when one deals with the oral history or genealogy of a family that may go back hundreds of years. It appears to us that the Fono would render a distinct service to the people of American Samoa by removing this requirement from the law. .

In this case Sinapati claimed there were four clans, Muasau claimed there was only one, and both claimed support. We need not decide who was correct on the actual number. We find that neither has the full support of any clan and thus that neither prevails on this consideration. This, historically, seems to be the usual result in these cases. All claimants seem to claim support of certain clans but the proof is almost invariably inconclusive.

III

The next issue to be decided is "the forcefulness, character and personality of the persons under consideration for the title, and their knowledge of Samoan customs." A.S.C.A. sec. 1.0409(c).

While admitting that this standard does not readily lend itself to objective criteria, the court finds that claimant Muasau prevails. His long and distinguished public service career reflects favorably on his forcefulness, character and personality. His testimony at this trial showed his knowledge of Samoan customs.

IV

The last issue presented is "the value of the holder of the title to the family, village and country." A.S.C.A. sec. 1.0409(c).

Here, claimant Muasau clearly prevails. His history as a member of the legislature from Manu'a (the site of this title) reflects great potential value to the family and the village. His value to the country (territory) has been established. His many other activities on boards, commissions and conferences indicate a sincere desire to serve his fellow man. Particularly noteworthy are his contributions to the betterment of Manu'a.

The court finds that Muasau So'oso'oali'i Savali qualifies for the title Sotoa and the Territorial Registrar is directed to so register the title.